[Docket No. 7]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA JOHNSEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>    Defendant. | Case No. 1:24-cv-09752-RMB-EAP<br><br>CLASS ACTION |
| BARBARA MENICHINI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>    Defendant. | Case No. 1:24-cv-09776-RMB-EAP<br><br>CLASS ACTION |
| MOHAMAD A. TLAIB, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>    Defendant. | Case No. 1:24-cv-09815-RMB-EAP<br><br>CLASS ACTION |

| | |
|---|---|
| LARRY HALSTEAD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>    Defendant. | Case No. 1:24-cv-09872-RMB-EAP<br><br>CLASS ACTION |
| WENDY EVANS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>    Defendant. | Case No. 1:24-cv-09910-RMB-EAP<br><br>CLASS ACTION |
| SAMANTHA LAWSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>    Defendant. | Case No. 1:24-cv-09955-RMB-EAP<br><br>CLASS ACTION |

| | |
|---|---|
| DENISE FISHMAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>               v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>             Defendant. | Case No. 1:24-cv-09964-RMB-EAP<br><br>CLASS ACTION |
| ANDREW WILKINS, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>              v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>             Defendant. | Case No. 1:24-cv-09973-RMB-EAP<br><br>CLASS ACTION |
| MICHAEL KARWOSKI, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>AMERICAN WATER WORKS COMPANY, INC.,<br><br>             Defendant. | Case No. 1:24-cv-09992-RMB-EAP<br><br>CLASS ACTION |

**ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL**

THIS MATTER, having come before the Court by Plaintiffs Amanda Johnsen, Barbara Menichini, Mohamad A. Tlaib, Larry Halstead, Wendy Evans, Samantha Lawson, Denise Fishman, Andrew Wilkins, and Michael Karwoski, by their Motion to Consolidate Cases and Appoint Interim Class Counsel pursuant to Fed. R. Civ. P. 42(a) and 23(g), and supporting materials, and the Court having read the papers, oppositions, and responses thereto, IT IS ORDERED that the Motion is GRANTED as set forth below:

1. The Court hereby consolidates *Johnsen v. American Water Works Company, Inc.*, No. 1:24-cv-09752-RMB-EAP (D.N.J.) (the "*Johnsen* Action"); *Menichini v. American Water Works Company, Inc.*, No. 1:24-cv-09776-RMB-EAP (D.N.J.) (the "*Menichini* Action"); *Tlaib v. American Water Works Company, Inc.*, No. 1:24-cv-09815-RMB-EAP (D.N.J.) (the "*Tlaib* Action"); *Halstead v. American Water Works Company, Inc.*, No. 1:24-cv-09872-RMB-EAP (D.N.J.) (the "*Halstead* Action"); *Evans v. American Water Works Company, Inc.*, No. 1:24-cv-09910-RMB-EAP (D.N.J.) (the "*Evans* Action"); *Lawson v. American Water Works Company, Inc.*, No. 1:24-cv-09955-RMB-EAP (D.N.J.) (the "*Lawson* Action"); *Fishman v. American Water Works Company, Inc.*, No. 1:24-cv-09964-RMB-EAP (D.N.J.) (the "*Fishman* Action"); *Wilkins v. American Water Works Company, Inc.*, No. 1:24-cv-09973-RMB-EAP (D.N.J.) (the "*Wilkins* Action"), and *Karwoski v. American Water Works Company, Inc.*, No. 1:24-cv-09992-RMB-EAP (D.N.J.)

(collectively the "Consolidated Action"). The clerk is directed to administratively terminate the *Menichini*, *Tlaib*, *Halstead*, *Evans*, *Lawson*, *Fishman*, *Wilkins*, and *Karwoski* Actions.

2. The case file for the Consolidated Action will be maintained under Master File No. 1:24-cv-09752-RMB-EAP (i.e., *Johnsen*).

3. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

4. If the Court determines that the case is related, the clerk shall:

   a. Place a copy of this Order in the separate file for such action;

   b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

   c. Direct that this Order be served upon Defendant(s) in the new case; and

   d. Make appropriate entry in the Master Docket.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints the following attorneys as Interim Class Counsel: James E. Cecchi of Carella Byrne Cecchi Brody Afnello, P.C. and Christopher A. Seeger of Seeger Weiss LLP.

6. The Court further appoints the following lawyers to the Plaintiffs' Executive Committee ("PEC"): Andrew W. Ferich of Ahdoot & Wolfson, PC (PEC Chair), Jeff Ostrow of Kopelowitz Ostrow P.A., Benjamin F. Johns of Shub & Johns LLC, J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC, Kennedy P. Brian of Federman & Sherwood, Kevin Laukaitis of Laukaitis Law LLC, Lori G. Feldman of George Feldman McDonald, PLLC, Jarrett L. Ellzey of EKSM, LLP, and Beena M. McDonald of Chimicles Schwartz Kriner & Donaldson-Smith LLP.

7. The above-named attorneys meet the requirements of Rule 23(g). Interim Class Counsel are designated to act on behalf of the putative class before determining whether to certify the action as a class action, and shall serve as lead counsel with responsibility for managing the distribution of work amongst the PEC and any additional Plaintiffs' counsel, and overseeing compliance with the duties and responsibilities set forth herein. The duties and responsibilities of Interim Class Counsel are as follows:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

    c. Convene meetings amongst counsel;

    d.    Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

    e.    Delegate specific tasks to the PEC and additional Plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

    f.    Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

    g.    Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

    h.    Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

    i.    Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

    j.    Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

    k.    Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

    l.    Make available to other Plaintiffs' counsel documents produced by the Defendant, as appropriate; and

    m.    Allocate attorneys' fees.

8.    Any other Plaintiffs' counsel will perform work in this litigation only at the direction of Interim Class Counsel. No motion, request for discovery, or other

pretrial proceedings shall be initiated or filed by any plaintiff except through Interim Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Class Counsel.

9. Interim Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

10. This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the facts and the data breach underlying this litigation.

11. Interim Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Counsel are aware or become aware of any such action(s) and on all attorneys for Plaintiffs whose cases may be subsequently consolidated with the above actions.

12. Plaintiffs in the Consolidated Action shall file an operative, consolidated complaint within 30 days of this Order. The parties will meet and confer about a motion to dismiss briefing schedule and submit a stipulated briefing schedule to the Court.

**SO ORDERED.**

Dated: February 14, 2025.

                                        HONORABLE RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE